UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALRELIO L. EVANS,

    Petitioner,                                      CASE NO. 05-72726

v.                                                      HONORABLE PAUL D. BORMAN
                                                         UNITED STATES DISTRICT JUDGE

TIM LUOMA,

    Respondent.

_____/

## OPINION AND ORDER DENYING THE MOTION TO STRIKE RESPONDENT'S RESPONSE BRIEF

Aurelio L. Evans, ("petitioner"), presently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about July 11, 2005. Pending before the Court is petitioner's motion to strike respondent's response brief, filed pursuant to F.R.A.P. 23(a). For the reasons stated below, the motion to strike is denied.

Fed. R.App. P. 23(a) states:

"Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party."

F.R.A.P. 23(a) applies only when a habeas petition is before a court of appeals on

1

review of a district court's decision and is therefore inapplicable to habeas petitions that are pending in a federal district court. *See Mitchell v. McCaughtry,* 291 F. Supp. 2d 823, 835 (E.D. Wis. 2003). In any event, petitioner was not transferred from another facility during the pendency of his petition. Instead, a new warden has replaced the old warden at the Baraga Maximum Correctional Facility where petitioner has remained incarcerated. Until petitioner is transferred to another prison facility, he lacks standing to complain of a violation of Rule 23(a), inasmuch as no violation has occurred. *See Harbolt v. Alldredge,* 311 F. Supp. 688, 691 (W.D. Okla. 1970).

The Court will also deny petitioner's motion to strike for another reason. As another judge in this district has indicated: "[T]here is no way a § 2254 case can be decided on a petitioner's submission only, and a court should not put itself in a position of considering the petition without a response by the respondent." *Mahaday v. Cason,* 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002). Without a response from the State of Michigan, this Court would be "left with a one-sided view of the habeas corpus petition–that of the prisoner, who is most likely untrained in the law and has submitted a short petition to the court that does not include records and transcripts from the court proceedings in which the prisoner was convicted." *Id.* Under these circumstances, a judge is unable to "isolate the precise contours of the dispute," because he or she would be "missing half of the story", i.e. the state court proceedings, which are necessary to properly adjudicate the habeas petition. *Id.* Accordingly, the Court will not strike the respondent's answer.

## ORDER

**IT IS HEREBY ORDERED** that Petitioner's Motion to Strike Respondent's Response Brief [Court Dkt Entry # 8] is **DENIED.**

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: August 24, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 24, 2006.

        s/Denise Goodine
        Case Manager

_